# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| STEPHEN J. CLINE, <br><br> Plaintiff, <br><br> v. <br><br> INNOVATE LOAN SERVICING CORPORATION a/k/a INNOVATE AUTO FINANCE a/k/a INNOVATE LOAN SERVICING CORP a/k/a INNOVATE LOAN SERVICING GROUP, <br><br> Defendant. | CIVIL COMPLAINT <br><br> CASE NO. 1:19-cv-00699 <br><br> JURY DEMAND |

## COMPLAINT

NOW comes STEPHEN J. CLINE ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of INNOVATE LOAN SERVICING CORPORATION a/k/a INNOVATE AUTO FINANCE a/k/a INNOVATE LOAN SERVICING CORP a/k/a INNOVATE LOAN SERVICING GROUP ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227, and Intentional Infliction of Emotional Distress ("IIED"), for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises

1

under the laws of the United States. Supplemental jurisdiction exists for Plaintiff's state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Ohio and a substantial portion the events or omissions giving rise to the claims occurred within the Northern District of Ohio.

### PARTIES

4. Plaintiff is a consumer and U.S. Army Veteran over 18 years-of-age residing in Richland County, Ohio, which is located within the Northern District of Ohio.

5. Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6. Defendant is a corporation organized under the laws of the state of Texas, and has its principal place of business located at 4704 Mercantile Drive, Fort Worth, Texas 76137-3605. Defendant provides various financial services to consumers nationwide.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

### FACTS SUPPORTING CAUSES OF ACTION

9. While residing in Tennessee, Plaintiff financed the purchase of a 2007 Jeep Commander ("automobile") through Auto Masters.

10. Thereafter, Plaintiff relocated to the Richland County, Ohio, where he continued submitting his scheduled payments to Auto Masters.

11. In order to register his automobile with the state of Ohio, Plaintiff contacted Auto Masters requesting a copy of his vehicle title.

12. Plaintiff was unable to reach Auto Masters and thereafter learned that Defendant acquired his account.

13. As a result, Plaintiff contacted Defendant in order to obtain a copy of his vehicle title, and to submit payment information to Defendant.

14. Around late 2018, and after Defendant accepted payment from Plaintiff, Defendant informed Plaintiff that it did not have the proper records reflecting title for Plaintiff's automobile.

15. Defendant's revelation greatly exacerbated Plaintiff's post-traumatic stress disorder ("PTSD"), thus causing Plaintiff physical harm due to the heightened worry and anxiety.

16. Moreover, as a direct result of Defendant's conduct, Plaintiff could not legally operate his automobile, as he could not register title with the state of Ohio.

17. Consequently, Plaintiff had no other means of transportation, and was forced to expend over $6,000 to purchase a used truck.

18. Yet, Plaintiff was still compelled to remit payment to Defendant, as well as to his insurance company, in order to ensure that the original automobile was not repossessed.

19. Eventually, Plaintiff was unable to afford paying for two vehicles, especially since he was not legally allowed to drive the original automobile, so Plaintiff informed Defendant that he would not submit future payments towards the automobile loan until the issue with the vehicle title could be resolved.

20. Shortly thereafter, Plaintiff began receiving calls to his cellular phone, (931) XXX-6310, from Defendant.

21. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -6310. Plaintiff is and has always been financially responsible for the cellular phone and its services.

22. Defendant has primarily used the phone number (888) 904-4777 when placing collection calls to Plaintiff's cellular phone. Upon information and belief, Defendant has used other numbers as well.

23. Upon information and belief, the above-referenced phone number ending in -4777 is regularly utilized by Defendant during its debt collection activity.

24. During answered calls, Plaintiff was subjected to a noticeable pause, having to say "hello" several times, before being connected to a live representative.

25. During phone calls with Defendant, Defendant stated that it was utilizing an auto-dialer to call Plaintiff's cellular phone, for which Plaintiff never consented to.

26. Upon speaking with one of Defendant's representatives, Plaintiff was informed that Defendant was attempting to collect upon Plaintiff's missed monthly payments pursuant to the automobile loan ("subject debt").

27. Plaintiff reiterated to Defendant's representatives that he was not going to make payment until Defendant provided him with a copy of the title, and Plaintiff also demanded that Defendant stop contacting him.

28. Defendant's contacts persisted, prompting Plaintiff to send 2 cease and desist letters via U.S. Certified Mail memorializing the aforementioned events.

29. Despite Plaintiff's efforts, Defendant has continued to regularly call Plaintiff's cellular phone up through the filing of this lawsuit.

30. Defendant has also placed multiple calls to Plaintiff's cellular phone during the same day, even after being notified to stop.

31. Defendant has even called Plaintiff's fiancé multiple times, despite the fact that Plaintiff never provided Defendant, nor Auto Masters, with his fiancés contact information.

32. Plaintiff has received over a dozen phone calls from Defendant since asking it to stop calling.

33. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding his rights, resulting in expenses.

34. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

35. With the goal of specifically addressing Defendant's conduct, as his oral attempts at the same were unfruitful, Plaintiff was forced to incur fees associated with purchasing stamps and sending a certified letter.

36. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, diminished space for data storage on his cellular phone, loss of any use of his automobile, and thousands of dollars spent purchasing an automobile that cannot be legally operated.

<u>COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT</u>

37. Plaintiff repeats and realleges paragraphs 1 through 36 as though fully set forth herein.

38. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") or pre-recorded messages without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

39. Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone. The noticeable pause that Plaintiff experienced upon answering Defendant's calls, as well as the fact that Plaintiff had to repeatedly say "hello" before he was connected with a live representative, is instructive that an ATDS was being utilized to generate the phone calls. Additionally, Defendant's continued contacts after Plaintiff demanded that the phone calls stop further demonstrates Defendant's use of an ATDS. Moreover, the nature and frequency of Defendant's contacts points to the involvement of an ATDS. Lastly, during conversations with Defendant, Defendant admitted to Plaintiff that it was using an auto-dialer to contact Plaintiff.

40. Defendant violated the TCPA by placing more than a dozen phone calls to Plaintiff's cellular phone using an ATDS without his consent. Plaintiff never granted Defendant with consent to contact him. Any consent that Defendant will likely assert was transferred to it through Auto Master was specifically revoked by Plaintiff's numerous oral and written demands that it cease contacting him.

41. The calls placed by Defendant to Plaintiff were regarding collection activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

42. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C). Plaintiff not only notified Defendant to cease calling him during phone calls with Defendant, but Defendant also subsequently received 2 cease and desist letters from Plaintiff, which Defendant disregarded.

WHEREFORE, Plaintiff, STEPHEN J. CLINE, respectfully requests that this Honorable Court enter judgment in his favor as follows:

   a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

   b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

   c. Awarding Plaintiff costs and reasonable attorney fees;

   d. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject consumer debt; and

   e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

43. Plaintiff restates and realleges paragraphs 1 through 42 as though fully set forth herein.

44. To state a claim for intentional infliction of emotional distress, a plaintiff must allege (1) the defendant intended to or recklessly caused the plaintiff serious emotional distress; (2) the defendant's conduct was extreme and outrageous; and (3) the defendant's conduct was the proximate cause of plaintiff's serious emotional distress. *Phung v. Waste Mgt., Inc.*, 71 Ohio St.3d 408, 410, 644 N.E.2d 286 (1994).

45. Defendant intentionally engaged in extreme and outrageous conduct in its treatment of Plaintiff. Despite numerous requests, Defendant could not even provide Plaintiff with basic paperwork he needed to legally operate his vehicle. Yet, Defendant continued its harassing efforts to collect from Plaintiff, even though Plaintiff notified Defendant on numerous occasions to stop contacting him. Plaintiff went so far as to send Defendant two letters, via certified mail, expressing his wishes that Defendant cease calling him. Having this knowledge, Defendant continued their harassing attempts to collect upon the subject debt, in an attempt to take advantage of Plaintiff's stressful state, and ultimately extract payment from him. Defendant even contacted Plaintiff's fiancé after these events, knowing that it would exert outward pressure upon Plaintiff to remit payment.

46. As a result of Defendant's intentional conduct, Plaintiff was anxious as his vehicle could no longer serve as his primary means of transportation. In order to travel to work, Plaintiff was forced to spend over $6,000 to purchase a used vehicle.

47. Defendant knew that its relentless collection calls, as well as its failure to provide Plaintiff with the title to his automobile, would aggravate Plaintiff's PTSD's symptoms, thus inflicting severe emotional distress on Plaintiff and Plaintiff's general well-being.

48. Defendant's actions were designed to instill anguish and emotional distress upon Plaintiff.

49. Defendant's intentional and reckless conduct caused severe emotional distress to Plaintiff.

50. Plaintiff suffered an emotional response to Defendant's conduct that resulted in exacerbation of Plaintiff's anxiety and stress.

51. As pled in paragraphs 17 through 18, as well as 28 through 36, Plaintiff was severely damaged by Defendant's conduct.

WHEREFORE, Plaintiff, STEPHEN J. CLINE, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff his actual damages in an amount to be determined at trial;

c. Awarding Plaintiff punitive damages in an amount to be determined at trial;

d. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject consumer debt; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: March 29, 2019                                           Respectfully submitted,

s/ Nathan C. Volheim (Lead Attorney)         s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103                 Taxiarchis Hatzidimitriadis, Esq. #6319225
*Counsel for Plaintiff*                                              *Counsel for Plaintiff*
Admitted in the Northern District of Ohio      Admitted in the Northern District Ohio

Sulaiman Law Group, Ltd.  
2500 South Highland Ave., Suite 200  
Lombard, Illinois 60148  
(630) 568-3056 (phone)  
(630) 575-8188 (fax)  
nvolheim@sulaimanlaw.com

Sulaiman Law Group, Ltd.  
2500 South Highland Ave., Suite 200  
Lombard, Illinois 60148  
(630) 581-5858 (phone)  
(630) 575-8188 (fax)  
thatz@sulaimanlaw.com